**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| CATHERINE A. MCCALLA COX, | ) | |
| BENEFICIARY OF THE JOHN A. MCCALLA | ) | |
| REVOCABLE TRUST, | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 14-CV-206-TCK-FHM |
| | ) | |
| L. WAYNE SULLIVAN, | ) | |
| Defendant. | ) | |

## OPINION AND ORDER

Before the Court is the Motion to Dismiss or Transfer filed by Defendant L. Wayne Sullivan ("Sullivan") (Docs. 11, 12), wherein Sullivan moves the Court to dismiss the action or, alternatively, to transfer it to the Southern District of Texas where he resides.

### I.     Factual Background

Plaintiff Catherine A. McCalla Cox ("Plaintiff"), a Colorado resident, is the daughter of John and Nancy McCalla ("Parents"), who are both deceased.   On April 16, 1987, Parents set up individual trust agreements ("Trusts") naming Plaintiff as a beneficiary.   Defendant L. Wayne Sullivan ("Sullivan"), an attorney, drafted the Trusts and is the sole trustee.   When he prepared the Trusts, Sullivan resided and practiced law in this judicial district.   In 2010, Sullivan moved to Houston, Texas, although he maintained his law office in this district until April 2012.

On July 18, 2013, on her fiftieth birthday, Plaintiff became entitled to distributions under the terms of the Trusts.   On April 9, 2014, Plaintiff filed a Verified Petition for Breach of Trust Administration, Breach of Fiduciary Duty, and for Injunctive Relief in Tulsa County District Court. Plaintiff alleges that Sullivan failed to timely distribute money owed to her under the Trusts; failed to provide an accounting of the assets, distributions, profits, and losses of the Trusts; and improperly

demanded that Plaintiff execute a release of Sullivan as a condition precedent to her receipt of distributions from the Trust. Plaintiff asserts legal claims for breach of fiduciary duty and breach of the Trusts and equitable claims for accounting and injunction.

On May 2, 2014, Sullivan removed the action to this Court and filed a motion to dismiss or transfer. In the motion, Sullivan requests (1) dismissal for improper venue pursuant to Rule 12(b)(3) and 28 U.S.C. § 1391(b), or (2) alternatively, a discretionary "convenience" transfer pursuant to 28 U.S.C. § 1404(a). With respect to the transfer request, Sullivan specifically quotes § 1404(a) and cites cases addressing § 1404(a) transfers. (*See* Mot. to Dismiss 1, 4 (citing *Sleepy Lagoon, Ltd. v. Tower Group, Inc.*, 809 F. Supp. 2d 1300 (N.D. Okla. 2011).) However, in his reply brief, Sullivan stated that he was not actually requesting a § 1404(a) transfer. (*See* Reply 1 (seeming to criticize Plaintiff for addressing § 1404(a) and stating "[t]hat is not the basis of Sullivan's motion to dismiss or in the alternative to transfer. This is not a convenience of the parties and witnesses issue. This is an improper venue issue.").)[1] Because the original motion clearly invokes § 1404(a), the Court will also address it out of an abundance of caution.

## II. Motion to Dismiss for Improper Venue

### A. Statutory Language and Burden of Proof

A civil action may be filed in "a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located," 28 U.S.C. § 1391(b)(1), or "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated," *id.* §

---

[1] It was entirely proper for Plaintiff to address § 1404(a). That statute was cited, quoted, and discussed throughout Sullivan's motion. Until the reply brief, the Court also believed Sullivan was alternatively moving for a "convenience" transfer under § 1404(a).

1391(b)(2).  If an action cannot be brought in either of these two venues, an action may be filed in "any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action."  *Id.* § 1391(b)(3); *Employers Mut. Cas. Co. v. Bartile Roofs, Inc.*, 618 F.3d 1153, 1166 n.10 (10th Cir. 2010) (explaining that third venue provision may not be invoked unless neither first or second venue provision is satisfied).[2]

The Tenth Circuit appears to follow the majority rule that a plaintiff bears the burden of proving proper venue, just as a plaintiff bears the burden of proving personal jurisdiction.  *See Pierce v. Shorty Small's of Branson*, 137 F.3d 1190, 1192 (10th Cir. 1998) (affirming district court's dismissal for improper venue where defendant controverted facts in plaintiff's complaint regarding venue, and plaintiff failed to come forward with any contrary evidence); *see also* 5B Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1352 (3d ed. 2004) [hereinafter "Federal Practice"] (explaining that, although there is circuit split as to which party bears the burden of proof, the better view is that the plaintiff bears the burden because "it is the plaintiff's obligation to institute his action in a permissible forum, both in terms of jurisdiction and venue") (citing *Pierce*, 137 F.3d 1190)).  At the motion to dismiss stage, a plaintiff must "present only a prima facie showing of venue."  *Home Ins. Co. v. Thomas Indus. Inc*., 896 F.2d 1352, 1355 (11th Cir. 1990) (cited with approval in *Pierce*, 137 F.3d at 1192)); *M.K.C. Equip. Co. v. M.A.I.L. Code, Inc*., 843 F. Supp. 679, 682 (D. Kan. 1994).  In assessing whether a plaintiff has met his burden, the facts alleged in a plaintiff's complaint are taken as true but only to the extent they are uncontroverted by

---

[2]  The Federal Courts Jurisdiction and Venue Clarification Act of 2011 relocated the venue provisions from § 1391(a) to § 1391(b), Pub. L. No. 112–63, 125 Stat. 758 (2011).  Thus, although it references § 1391(a), the *Employers Mutual Casualty Company* decision discusses the same statutory language at issues in this case

the defendant's evidence. *Pierce*, 137 F.3d at 1192; *Meyers v. Keycorp*, No. CIV-07-1166-D, 2008 WL 2557991, at *3 (W.D. Okla. June 23, 2008) ("When a defendant moves for dismissal and presents facts to establish improper venue, the plaintiff must present evidence that controverts the facts shown by the defendant, or dismissal is proper."). If the parties present conflicting evidence, "the court is inclined to give greater weight to the plaintiff's version of jurisdictional facts and to construe such facts in the light most favorable to the plaintiff." *Home Ins. Co.*, 896 F.2d at 1355; *M.K.C. Equip. Co.*, 843 F. Supp. at 683 (explaining that "all factual disputes should be resolved in favor of plaintiff"); Wright & Miller, *supra*, § 1352 (same). The Court's consideration of evidence outside the pleadings does not require converting the Rule 12(b)(3) motion to one for summary judgment. *See Continental Cas. Co. v. American Nat'l Ins. Co.*, 417 F.3d 727, 733 (7th Cir. 2005) ("Under Rule 12(b)(3), the district court was not obligated to limit its consideration to the pleadings nor to convert the motion to one for summary judgment."); *Topliff v. Atlas Air, Inc.*, 60 F. Supp. 2d 1175, 1176 (D. Kan. 1999) ("The court has found nothing in the Federal Rules of Civil Procedure that makes Rule 56 applicable to motions filed under Rule 12(b)(2) and (3) when matters outside of the pleadings are presented."); Wright & Miller, *supra*, § 1352 (same).

### B.      Analysis

*In this case, Plaintiff contends that venue is proper under §1391(b)(2). Plaintiff therefore* must prove that the Northern District of Oklahoma is a district "in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated." Courts conduct a two-part analysis when reviewing challenges to venue under § 1391(b)(2). *Employers Mut. Cas. Co.,* 618 F.3d at 1166. First, courts "examine the nature of the plaintiff's claims and the acts or omissions underlying those claims." *Id.* Second,

courts determine whether substantial events material to those claims occurred in the district in which the claim was filed. *Id.* Regarding the substantiality analysis of the second step, the Tenth Circuit has offered guidance that is particularly helpful in this case:

> The substantiality requirement is satisfied upon a showing of "acts and omissions that have a close nexus" to the alleged claims. *Jenkins Brick Co.*, 321 F.3d at 1372; *Uffner*, 244 F.3d at 42 ("We look . . . not to a single triggering event prompting the action, but to the entire sequence of events underlying the claim."); *see also* 17 James Wm. Moore et al., Moore's Federal Practice § 110.04[1] (3d ed. 2010) (stating that, when engaging in the substantiality analysis, courts "ought not focus solely on the matters that gave rise to the filing of the action, but rather should look at the entire progression of the underlying claim").

*Id.* Thus, courts are instructed to focus on the entire sequence of events giving rise to the claim, rather than merely where the "triggering event" occurred.

The Court concludes that venue is proper in the Northern District of Oklahoma. First, analyzing the nature of claims, Plaintiff alleges that Sullivan failed to make timely distributions, failed to provide an accounting, and improperly demanded that Plaintiff execute a release of Sullivan as a condition precedent to her receipt of distributions. Plaintiff asserts legal claims for breach of fiduciary duty and breach of the Trusts and equitable claims for an accounting and injunction.

Second, considering the entire sequence of events underlying these claims, the record demonstrates that substantial events material to such claims occurred in this district. Sullivan is correct that he resided in Texas, and Plaintiff resided in Colorado, when the triggering event of non-payment occurred in July 2013. However, Plaintiff has presented deposition testimony of Sullivan establishing: (1) Parents hired Sullivan in this district, (2) Sullivan drafted the Trusts in this district, (3) Parents executed the Trusts in this district, (4) the Trusts were filed of record in this district, (5) documents and records associated with the Trusts are located in a storage facility in this district, and (6) assets of the Trusts were deposited at a bank in this district and remain in such bank account.

Perhaps most importantly, the Trusts contain a choice of law provision specifying that Oklahoma law shall govern. While not conclusive, an Oklahoma choice of law provision is certainly relevant to determining whether this district bears a sufficient nexus to the dispute. *Cf. Monahan v. Holmes*, 139 F. Supp. 2d 253, 263 (D. Conn. 2001) (rejecting argument that choice of law provision in trust agreement "necessarily prevent[ed] courts in all other fora from exercising otherwise competent jurisdiction" but indicating that a choice of law provision is relevant to the analysis).

Although the parties resided in other States at the time of the triggering event, the events underlying the claim have a twenty-year history in this district. Parents were lifelong residents of this district and elected to have their Trusts and Trust assets physically present here. Sullivan's move to Texas does not deprive this Court of venue over a controversy with such a close connection to this district. Plaintiff has satisfied her burden of proving that venue is proper in this district under § 1391(b)(2), and Sullivan's motion to dismiss is denied.

## III.     Motion to Transfer Pursuant to § 1404(a)

### A.     Statutory Language and Burden of Proof

Under 28 U.S.C. § 1404(a), a district court may transfer any action, even one filed in a proper venue, "[f]or the convenience of parties and witnesses, [and] in the interest of justice, . . . to any other district or division where it might have been brought." The party seeking a § 1404(a) transfer bears the burden of proving that the existing forum is inconvenient. *Employers Mut. Cas. Co.,* 618 F.3d at 1167 (citing *Scheidt v. Klein*, 956 F.2d 963, 965 (10th Cir.1992)). Merely shifting the inconvenience from one side to the other is not a permissible justification for a change of venue. *See id.* (citing *Scheidt,* 956 F.2d at 965). In determining whether a transfer is in the interest of justice, courts weigh the following discretionary factors: (1) plaintiff's choice of forum; (2)

accessibility of witnesses and other sources of proof, including the availability of compulsory process to insure attendance of witnesses; (3) cost of making the necessary proof; (4) questions as to the enforceability of a judgment if one is obtained; (5) relative advantages and obstacles to a fair trial; (6) difficulties that may arise from congested dockets; (7) possible questions arising in the area of conflict of laws; (8) advantage of having a local court determine questions of local law; and (9) all other considerations of a practical nature that make a trial easy, expeditious, and economical. *Id.* (citing *Chrysler Credit Corp. v. Country Chrysler, Inc.*, 928 F.2d 1509, 1516 (10th Cir.1991)).

## B.    Analysis

Because Sullivan now resides there, this action could have been brought in the Southern District of Texas. However, Sullivan has failed to establish that Plaintiff's chosen forum is inconvenient or that the Southern District of Texas is somehow more convenient. Plaintiff has presented evidence that Sullivan travels to this district approximately ten times per year and regularly conducts business here. All claims arise under Oklahoma law, and this Court is well-suited for deciding those claims. There are no obstacles to Sullivan receiving a fair trial in this district. Sullivan has counsel in this district and certainly could have anticipated being sued here in relation to his management of the Trusts. This Court is equally if not more accessible to witnesses and evidence than the Southern District of Texas. All of the remaining factors are either inapplicable or neutral. No factors weigh in favor of transfer, and Plaintiff's choice of forum should govern. Therefore, Sullivan's motion to transfer is denied.

IV.     **Conclusion**

Defendant's motion to dismiss for improper venue pursuant to Rule 12(b)(3) (Doc. 11) is

DENIED.  Defendant's alternative motion to transfer (Doc. 12) is DENIED.  The parties are ordered

to submit a Joint Status Report no later than fourteen days from entry of this Order.

**SO ORDERED this 2nd day of September, 2014.**

**TERENCE KERN**
**United States District Judge**