## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OKLAHOMA

CATHERINE A. MCCALLA COX,                )
Beneficiary of the John A. McCalla       )
Revocable Trust,                         )
                                         )
                    Plaintiff,           )
                                         )
KELSEY CATHERINE COX, and                )
MARY ROUSE, Individuals and Beneficiaries)
of the John A. McCalla Revocable Trust,  )
and Nancy J. McCalla Revocable Trust,    )
                                         )
            Intervening Plaintiffs,      )
                                         )
vs.                                      )     Case No. 14-CV-206-TCK-FHM
                                         )
L. WAYNE SULLIVAN,                       )
Trustee of the John A. McCalla Revocable )
Trust,                                   )
                                         )
                    Defendant.           )

## OPINION AND ORDER

Before the Court are (1) Plaintiffs' Combined Motion for Partial Summary Judgment (Doc.

37) and (2) Defendant's Motion for Summary Judgment (Doc. 38).

**I.     Background**

For purposes of summary judgment, the following facts are undisputed.  Since 2006,

Defendant L. Wayne Sullivan ("Defendant") has been the sole trustee of the John A. McCalla Trust

("JAM Trust") and the Nancy J. McCalla Trust ("NJM Trust") (collectively, the "Trusts").  Plaintiff

Catherine Cox ("Cathey") and her sister, Intervening Plaintiff Mary Rouse ("Mary"), are

beneficiaries of the JAM Trust.  Cathey, Mary, and Cathey's daughter, Plaintiff Kelsey Cox

("Kelsey"), are beneficiaries of the NJM Trust.  Each Trust includes language permitting

distributions to the beneficiaries in certain circumstances.  (*See* Ex. 1 to Def.'s Mot. for Summ. J,

Art. IV; Ex. 2 to Def.'s Mot. for Summ. J., Art. IV.)  The parties disagree as to the level of financial support these provisions allow.

Under the terms of the Trusts, they were divided into separate trusts for each beneficiary five years after each settlor's death. (*See* Ex. 1 to Def.'s Mot. for Summ. J, Art. IV; Ex. 2 to Def.'s Mot. for Summ. J., Art. IV.)  In June 2011, Cathey and Mary signed a Memorandum of Understanding ("Memorandum") proposed by Sullivan regarding the division of the Trusts' assets into separate trusts.  Plaintiffs claim the Memorandum was "obtained by coercion, economic duress, and fraud." (Second Am. Compl. ¶ 26.)  Specifically, Plaintiffs allege "Cathey was threatened that she would not receive a badly needed distribution if she did not sign the Memorandum" and that the accounting which accompanied the Memorandum was inaccurate.  (*Id.*)

On April 9, 2014, Cathey filed this lawsuit in the District Court of Tulsa County, Oklahoma against Defendant.  Defendant subsequently removed the case to this Court.  On October 16, 2014, Cathey filed a First Amended Complaint, which named Kelsey as an additional plaintiff.  On May 26, 2015, Mary filed an unopposed motion to intervene, which the Court granted.[1]  Following Mary's intervention, Plaintiffs filed a Second Amended Complaint, alleging claims for (1) breach of fiduciary duty; (2) accounting; (3) breach of trust; and (4) declaratory judgment.  With Mary's intervention, all of the beneficiaries of the Trusts are parties to the action.

---

[1]  For purposes of this Opinion and Order, "Plaintiffs" will be used to refer to Plaintiffs Cathey and Kelsey, as well as Intervening Plaintiff Mary.

On June 18, 2015, Plaintiffs filed a motion seeking appointment of a receiver to administer the Trusts during the pendency of this case.  After a hearing on the motion, the Court denied Plaintiffs' request to appoint a receiver but ordered a third-party accounting of the Trusts.

## II.     Summary Judgment Standard

Summary judgment is proper only if "there is no genuine issue as to any material fact, and the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).  The moving party bears the burden of showing that no genuine issue of material fact exists.  *See Zamora v. Elite Logistics, Inc.*, 449 F.3d 1106, 1112 (10th Cir. 2006).  The Court resolves all factual disputes and draws all reasonable inferences in favor of the non-moving party.  *Id.*  However, the party seeking to overcome a motion for summary judgment may not "rest on mere allegations" in its complaint but must "set forth specific facts showing that there is a genuine issue for trial."  Fed. R. Civ. P. 56(e).  The party seeking to overcome a motion for summary judgment must also make a showing sufficient to establish the existence of those elements essential to that party's case.  *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323-33 (1986).  The relevant legal standard does not change where the parties file cross motions for summary judgment, and each party has the burden of establishing the lack of a genuine issue of material fact and entitlement to judgment as a matter of law.  *See Atl. Richfield Co. v. Farm Credit Bank of Wichita*, 226 F. 3d 1138, 1148 (10th Cir. 2000).

## III.    Defendant's Motion for Summary Judgment (Doc. 38)

### A.     Breach of Fiduciary Duty

To prevail on their claim for breach of fiduciary duty, Plaintiffs must demonstrate: (1) the existence of a fiduciary relationship; (2) a duty arising out of the fiduciary relationship, (3) a breach of the duty; and (4) damages proximately caused by breach of the duty.  *F.D.I.C. v. Grant*, 8 F.

Supp. 2d 1275, 1299 (N.D. Okla. 1998). Defendant challenges only whether he breached a fiduciary duty.

> Plaintiffs allege Defendant breached the fiduciary duties owed to Plaintiffs by:
>
> (a) failing to timely distribute Trust assets required to be made by the Trust Agreements, (b) failing to provide an adequate and appropriate accounting for the assets and distributions of the Trusts, (c) failing and refusing to provide an accounting to Cathey, Mary and Kelsey for the receipts, disbursements, profits and losses of the Trusts, and [sic] (d) demanding a release of claims as a condition precedent to the making of distributions to Cathey, Mary, and Kelsey, (e) underpaying scheduled distributions and (f) failing to adhere to Oklahoma's Prudent Investor Act.

(Second Am. Compl. ¶ 16.) Defendant denies that he committed any of the alleged breaches and instead urges that "[i]nterpretation of the language of trust instruments is a question of law for the court. The goal is to ascertain and effect the intent of the settlor." (Def.'s Mot. for Summ. J. 12.)

While the Court agrees that the interpretation of the language of the Trusts is a question of law for the Court, Defendant has not demonstrated his entitlement to judgment as a matter of law. Questions of material fact remain regarding the actions underlying Plaintiffs' breach of fiduciary duty that cannot be resolved simply by interpreting the Trusts. The parties heavily dispute the underlying events to which the language of the Trusts would be applied. As examples, where Plaintiffs allege to have requested but not received a distribution, Defendant says no request has been made, and where Defendant alleges he provided an accounting, Plaintiffs say it was never received and/or inaccurate. Accordingly, questions of material fact exist on Plaintiffs' breach of fiduciary duty claim. The language of the Trusts alone cannot resolve these questions at summary judgment.

### B.      Accounting

With the Opinion and Order dated August 26, 2015 (Doc. 78), the Court granted Plaintiff's request for an accounting of the Trusts.  Defendant's request for summary judgment on this claim is denied as moot.

### C.      Breach of Trust

Plaintiffs' Second Amended Complaint also alleges a claim for breach of trust.  In support of their claim, Plaintiffs allege only that "[b]ased on the conduct described herein of Trustee, Trustee has breached the Trust Agreements, therefore entitling Plaintiffs" to certain enumerated relief. (Second Am. Compl. ¶¶ 23.)  Under Oklahoma law, "[a] violation by a trustee of a duty the trustee owes a beneficiary is a breach of trust."  Okla. Stat. tit. 60, § 175.57.  Presumably, Plaintiffs intend to argue the same actions that give rise to their breach of fiduciary duty claim support their breach of trust claim.  In support of summary judgment, Defendant argues that Courts may not intervene where a trust instrument leaves an act to a trustee's discretion.  Once again, the parties dispute the underlying events.  As such, questions of material fact exist which preclude the entry of summary judgment.

### D.      Declaratory Judgment

Plaintiffs also seek a declaratory judgment that the Memorandum of Understanding cannot be enforced against Plaintiffs because it was "obtained by coercion, economic duress, and fraud." (Second Am. Compl. ¶¶ 26, 27.)  In support of summary judgment, Defendant argues that Cathey was represented by counsel and agreed to the terms of the Memorandum.  Cathey does not dispute that she was represented by counsel and agreed to the terms of the Memorandum but alleges that she only agreed to the Memorandum because Defendant said he would make a distribution to her once

she signed it.  As such a question of material fact exists regarding the circumstances of Cathey's consent, precluding entry of summary judgment.

       **E.**      **Statute of Limitations**

Defendant also alleges Plaintiffs' claims are barred by the applicable statute of limitations. However, Defendant fails to cite the statute of limitations, arguing only that "[i]n Oklahoma the period seems to be two years."  (Def.'s Mot. for Summ. J. 20.)  If Defendant cannot be bothered to cite the statute of limitations which he alleges entitles him to judgment, the Court will not do his work for him.  Moreover, Defendant has failed to allege facts indicating when Plaintiffs' claims accrued or could have been discovered with due diligence.  Defendant has failed to establish his entitlement to judgment on this issue.

**IV.**    **Plaintiffs' Motion for Partial Summary Judgment (Doc. 37)**

Plaintiffs' Combined Motion for Partial Summary Judgment seeks a declaration from the Court that Defendant cannot use the Trusts assets to pay the legal fees he has incurred in this action.[2] The parties do not dispute that Defendant has paid his legal fees using the Trusts' assets.

No determination has been made regarding whether or not Defendant breached his fiduciary duties or trust owed to Plaintiffs as beneficiaries of the Trusts.  As such, the Court finds that a determination as to the propriety of Defendant paying his legal fees using the Trusts' assets is premature.

---

[2]  Additionally, Plaintiffs sought a temporary and permanent injunction prohibiting Defendant from using the Trusts' assets to pay his legal fees.  The Court denied Plaintiffs' request for injunctive relief in its Opinion and Order dated August 26, 2015 (Doc. 78).

## V.      Conclusion

For the foregoing reasons, Plaintiffs' Combined Motion for Partial Summary Judgment (Doc. 37) and Defendant's Motion for Summary Judgment and Brief in Support (Doc. 38) are DENIED.


**SO ORDERED** this 5th day of April, 2016.


**TERENCE KERN**
**United States District Judge**